DerbigNV, J.
delivered the opinion of the court. In the year 1811, the plaintiff in this case * A & obtained judgment in the then city court, against J ° VYm. bt. Marc. bt. Marc appealed to the then SUperjor court 0f territory, and the late John Blanque became his surety. St. Marc did not pursue his appeal; but the plantiff, about three years afterwards had his judgment confirmed in the district court, to which the causes pen *561 ding in the superior court had been removed. St. Marc having become insolvent, he now demands the amount of the appeal bond subscribed by Blanque.
The defendants resist this claim on two grounds : 1. that the judgment obtained upon the appeal is null, because rendered against St. Marc, after his insolvency, without making the syndics of his creditors parties to the suit ; 2. that the plaintiff’s demand is at least premature, inasmuch as he has not discussed the property of the debtor.
St. Marc presented twice his bilan or schedule of his affairs : the first time before, the second after, the judgment on the appeal was rendered. On his first petition for a convocation of his creditors, an order issued calling such a meeting at thirty days, and staying all proceedings against him in the mean -while. That order was never carried into effect: the time ran out, and nothing was done. The consequence was, that after the expiration of the delay, during which the proceedings were suspended, St. Mark remained exposed to prosecution, as before the issuing of the order. The judgment on the appeal was rendered about eighteen months posterior to that order.
A few days after the date of that judgment, St. *562 Marc again presented his bilan, prayed tor ¾ . ⅛ rl. ,. . , , , 1 meeting of his creditors, and obtained the usual decree. On this occasion, the decree was acted upon, and no creditor having attended, the sheriff was, according to law, appointed syndic of the creditors.
In this state of things, the defendants maintain that the plaintiff has no right to sue them, before he has discussed the property of St. Marc.—To this it has been objected generally, that judicial sureties are not entitled to the benefit of discussion ; but admitting, as the defendants contend, that the reservation, contained in their bond, makes this an exception to the general rule, that defence cannot avail them. For, in the first place, according to the words of the appeal bond, the surety is bound to pay, if the execution that may issue is not satisfied out of the appellant’s property ; therefore, as no execution could issue against St. Marc after his failure, the condition is resolved, and the surety must pay. 2. It is by our laws made the duty of the surety, who claims the benefit of discussion, to point out, to the creditor, the property of the principal debtor : here this was not and could not be done. It is also required of the surety, to furnish a sufficient sum to have the discussion carried into effect; no such thing, of course, was or could be thought of here. Finally, the discussion of the property *563 of the principal debtor cannot be required, when such debtor has become a bankrupt. Febrero de escr. 4, 5, n. 124, nor even where the principal debtor is notoriously poor. 2 Gomez's var. addit. to chap. 13, n. 15.—Lopez on Part. 5, 12, 9.
Cuvillier for the plaintiff, Morel for the defendants.
We are upon the whole satisfied that this action is well supported, and that the plaintiff ought to recover.
It is, therefore ordered, adjudged and decreed, rhat the judgment of the parish court be affirmed with costs.